# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JGC INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | Case No. 8:22-cv-149<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, JGC Investments, LLC ("Plaintiff"), by and through undersigned counsel, and for its causes of action against Defendant, State Farm Firm and Casualty Company ("Defendant"), states and alleges as follows:

## INTRODUCTION AND NATURE OF THIS ACTION

1. This action involves a dispute arising under a policy of property insurance issued by Defendant to Plaintiff related to property losses resulting from a covered event that occurred on or about May 28, 2019. This action seeks appropriate remedies and relief with respect to Policy number 97-BP-K277-5, which was in full force and effect at all times material hereto. The covered loss includes, but is not limited to, property damage for residential properties located at 3102, 3106, 3112, 3122 and 3126 South 69th Street, Omaha, Nebraska 68106. The subject claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim No. 27-9375-C07.

## PARTIES

2. Plaintiff is a domestic, single member limited liability company organized and existing pursuant to the laws of the State of Nebraska, which is wholly owned by Jonathan D. Campbell, an individual domiciled in the State of Nebraska.

3. Defendant is a corporation organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois. Defendant is registered with the Nebraska Department of Insurance and is engaged in the business of selling and providing commercial and residential property insurance coverage within the State of Nebraska to include Plaintiff's insurance policy, which is at issue in the present case. Defendant may be served with summons herein through its registered agent, CSC-Lawyers Incorporating Service Co., at 233 South 13th Street, Suite 1900 Lincoln, Nebraska, 68508.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Defendant breached its duties to Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. At all material times, Plaintiff was the owner of properties located at 3102, 3106, 3112, 3122 and 3126 South 69th Street in Omaha, Douglas County, Nebraska 68106 (collectively, the "Covered Property"), and was a party to an insurance policy number 97-BP-K277-5 (the "Policy"), which was in full force and effect at all times material hereto, whereby Defendant agreed to insure the Properties against property damage and business interruption.

8. Defendant issued a policy of insurance, 97BPK2775 (*see* Exhibit 1 hereto), to Plaintiff whereby Defendant agreed to pay for direct physical loss to the Covered Property resulting from any peril not otherwise excluded within the Policy.

9. On or about May 28, 2019, when the policy was in full force and effect, Plaintiff sustained direct, physical loss to the Covered Property in the amount of not less than $812,440.56 resulting from a covered weather-related event,, namely wind and hail damage, which are not excluded within the Policy (the "Covered Loss").

10. Plaintiff promptly and properly made a claim to Defendant thereinafter, for insurance benefits under the Policy and has fulfilled all other pre-claim obligations required to be performed under the Policy (Claim No. 27-9375-C07).

11. On or about April 9, 2020, Plaintiff submitted a Sworn Statement in Proof of Loss to Defendant and provided all the necessary documents for the claim resolution process.

12. Plaintiff retained Premier Claims to assess the damages and provide an estimate for the same in the amount of $ 812,440.56. On conducting a thorough inspection, Premier Claims confirmed that there was visible hail damage to the Covered Property and provided detailed estimates quantifying the damages.

13. On April 22, 2020, Premier Claims requested Defendant to conduct a second re-inspection as Defendant failed to account for all the damages to the Covered Property in its first estimate.

14. On August 25, 2020, after significant delay, Defendant conducted a re-inspection of Covered Property with Premier Claims. The adjuster sent by Defendant refused to make a call on the damages and stated that she was merely sent to photograph the damages, thereby defeating the purpose of an inspection, in the strictest sense.

15. On or about September 4, 2020, Defendant sent an estimate after the re-inspection and stated that there were no additional changes to the original estimate and therefore, no payments would be made. This stood in stark contrast to the material evidence observed by both Defendant and Premier Claims.

16. On or about September 24, 2020, Premier Claims reached out to Defendant in an effort to reconcile several discrepancies related to the claim. Premier Claims highlighted these discrepancies in the estimate issued by Defendant, along with the photographs to support same. Defendant failed to provide any satisfactory response and further, made no efforts toward conducting a fair claim resolution process.

17. To date, there continues to be a dispute between Plaintiff and Defendant on the scope of damage to the Covered Property and the costs associated with repairs and/or replacement as a result of such damage to the Covered Property.

18. Plaintiff submits that the Defendant has breached the Policy by failing to pay Plaintiff all benefits due and owing under the Policy. Plaintiff further submits that there remains due and owing to Plaintiff an amount of not less than $812,440.56, an amount which will increase as the case proceeds in litigation toward trial.

19. Defendant breached the common law duty of good faith and fair dealing by unfairly and inadequately adjusting Plaintiff's claim, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's ultimate payment decision.

20. Defendant lacked a reasonable basis for the denial of benefits of the insurance policy. Plaintiff submits that such present and continuous disregard of the Plaintiff's claims under the Policy entitle the Plaintiff to damages under applicable law.

21. Plaintiff contends that Defendant's actions were undertaken and completed by its officers, agents, servants, employees or representatives and that such were done with Defendant's full authorization or ratification and were completed in the normal and routine course and scope of their employment with Defendant.

22. As a significant effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits, Plaintiff has detrimentally relied upon the contract of insurance it entered into with Defendant and remains without the benefit of the bargain.

23. As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect its rights and remedies under the Policy and as an insured.

24. As of the present date, Plaintiff has met and complied with all conditions precedent and duties under the subject insurance Policy, and all such conditions and duties have been waived by Defendant.

## BREACH OF CONTRACT

25. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 24 above as though fully stated herein.

26. Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed to insure, *inter alia*, the Covered Property owned by Plaintiff.

27. Plaintiff fulfilled all of its obligations under the Policy, including the payment of regular premiums to secure insurance on the dwelling and Covered Property.

28. Defendant's refusal to pay for the full value of the damages to the Covered Property constitutes a breach of contract.

29. Due to Defendant's breach of the Policy, Plaintiff has suffered damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and further has been damaged by a sum to be determined at trial and final judgment.

30. Plaintiff's damages include, without limitation, actual damages, interest, and consequential damages, including without limitation, attorneys' fees, costs, resulting damages from required remediation, and other foreseeable costs and expenses as a result of Defendant's breach of contract.

## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

31. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 30 above as though fully stated herein.

32. There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

33. Defendant had no reasonable basis to deny the benefits of the insurance Policy and to disregard such lack of reasonable basis in the claim resolution process.

34. Defendant's reckless indifference to the facts or to the law can be inferred and imputed from its actions; specifically, Defendant unreasonably ignored Plaintiff's arguments and facts favoring replacement of the damaged roof and windows.

35. Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

36. Instead of working through the differences in the claim with the Plaintiff or his licensed adjuster, Defendant chose to go out and find someone else that would undervalue the damages in order to support Defendant's refusal to pay the full value of the damages to the Covered Property.

37. Defendant's refusal to properly indemnify Plaintiff for the Covered Loss and the related damages to the Covered Property in a timely manner is a violation of Nebraska common law and Neb.Rev.Stat. § 44-1540.

38. Defendant knows or had reason to know that it does not have a reasonable basis for denying payment of Plaintiff's Covered Loss under the Policy.

39. Defendant's reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amounts to a breach of Defendant's fiduciary responsibility for good faith and fair dealing with Plaintiff, the insured.

40. As a direct and proximate result of Defendant's bad faith and/or its unfair property and casualty settlement practices, Plaintiff has suffered compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, public adjuster fees, costs, and expenses.

## JURY DEMAND

41. Plaintiff demands a jury trial and tenders the appropriate fee with its Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant, for such damages to be determined at trial, interests, litigation costs, consequential damages, attorneys' fees pursuant to Neb.Rev.Stat. § 44-359, and any other further relief the Court or jury deems fair and reasonable.

DATED this 18th day of April, 2022.

JGC INVESTMENTS LLC, Plaintiff

Benjamin P. Barmore (TX #24073076)
Zerbe Miller Fingeret Frank & Jadav LLP
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
(713) 350-3523 | (713) 350-3607
bbarmore@ZMFLaw.com

and

By: _____
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 933-1099 Fax
jeichmann@houghtonbradford.com

*ATTORNEYS FOR PLAINTIFF*